IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: <br><br> HCB (2020), LLC, <br><br> Debtor. | Case No. 20-12600-KHK <br><br> Chapter 7 |
| KEVIN R. MCCARTHY, solely in his capacity as CHAPTER 7 TRUSTEE, <br><br> Plaintiff, <br><br> v. <br><br> CONTINUUM INTERNATIONAL LOGISTICS, INC. d/b/a CONTINUUM RELOCATION SERVICES, <br><br> Defendant. | Adv. Pro. No. _____ |

**COMPLAINT**

Kevin R. McCarthy (the "**Trustee**" or herein the "**Plaintiff**"), chapter 7 trustee for the bankruptcy estate (the "**Bankruptcy Estate**") of debtor HCB (2020), LLC ("**HCB**" or the "**Debtor**") pending as case no. 20-12600-KHK (the "**Bankruptcy Case**"), by and through his undersigned special counsel, hereby files this complaint (the "**Complaint**") commencing this adversary proceeding (the "**Adversary Proceeding**") to recover accounts receivable and/or other

---

WHITEFORD, TAYLOR & PRESTON, LLP
Bradford F. Englander, VSB # 36221
Joshua D. Stiff, VSB # 86105
Alexandra G. DeSimone, VSB # 95760
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
(703) 280-9081
(703) 280-3370 (facsimile)
benglander@wtplaw.com
jstiff@wtplaw.com
adesimone@wtplaw.com

*Special Counsel for Kevin R. McCarthy, Chapter 7 Trustee*

amounts owed by Continuum International Logistics, Inc. d/b/a Continuum Relocation Services (the "**Defendant**") to the Debtor and the Bankruptcy Estate. In support of this Complaint, the Trustee, upon information and belief, alleges as follows:

## PARTIES

1. The Trustee is the duly-appointed Chapter 7 trustee of the Bankruptcy Estate with authority and right under sections 108, 323, 541, 542 and 704 of the Bankruptcy Code to enforce and prosecute the causes of action asserted in this Complaint.

2. Defendant is a corporation incorporated under the laws of the state of Connecticut, and its registered agent for service of process in Connecticut is Randolph T. Lovallo, 90 Grove Street, Ridgefield, Connecticut 06877.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia,* dated July 10, 1984.

4. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). In the alternative, the Court maintains related to jurisdiction over this Adversary Proceeding.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

6. Pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Trustee confirms his consent to entry of a final order by the Court in connection with this Complaint to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**RELEVANT FACTS**

7. On November 25, 2020 (the "**Petition Date**"), the Debtor commenced the Bankruptcy Case by filing a voluntary petition under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division (the "**Court**").

8. On December 29, 2020, Kevin R. McCarthy was appointed as successor chapter 7 trustee in the Bankruptcy Case, and he continues to serve in such capacity.

9. Prior to the Petition Date, the Debtor operated a business providing corporate housing for a variety of national and international clients. The Debtor conducted its business in multiple states, including Virginia where its principal place of business was located.

10. Following the Petition Date, the Debtor filed its *Schedules of Assets and Liabilities* ("**Schedule(s)**") and *Statement of Financial Affairs* [Dkt. 13], signed under penalty of perjury, that identified certain pre-petition accounts receivables and other amounts owing to the Debtor, including, without limitation, an aggregate amount of $10,041.83 owed by Defendant to the same (collectively, the "**Accounts Receivable**"). A list identifying the subject Accounts Receivable is attached hereto as **Exhibit A**.

11. The Trustee has undertaken an investigation into, among other things, the Debtors' business and this Complaint is a result thereof. Related thereto, the Trustee sent a letter to the Defendant identifying the Accounts Receivable and demanding that the Defendant remit the total amount of the Accounts Receivable to the Trustee (the "**Demand Letter**"). To date, the Defendant has not responded to the Demand Letter.

12. Based on information and belief, prior to the Petition Date, the Debtor and Defendant entered into an agreement whereby the Debtor would provide certain goods and/or

services to Defendant, including, without limitation, certain corporate housing or other rental housing, and, in exchange, Defendant would pay an agreed-upon amount for such goods and/or services (the "**Agreement**").

13. Based on information and belief, the Debtor provided these pre-petition goods and/or services to Defendant, and Defendant was sent invoice(s) for the amounts due based on the provision of the same.

14. The amounts owed by Defendant to the Debtor for such pre-petition goods or services has not been paid and remains outstanding, and the balance of such Accounts Receivable is $10,041.83.

15. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional accounts receivables and other amounts owing to the Debtor. It is Plaintiff's intention to recover all accounts receivables and other amounts owing by the Defendant to the Debtor, whether identified in this Complaint or hereafter discovered.

16. Plaintiff reserves the right to amend this Complaint to include: (i) further information regarding the Accounts Receivable, (ii) additional accounts receivables and other amounts owing to the Debtor, (iii) modifications of and/or revision of the Defendant's name or identity, (iv) additional defendants, and/or (v) additional causes of action (collectively, the "**Amendments**"), that may become known to Plaintiff at any time during the pendency of this Adversary Proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Complaint.

## COUNT I

17. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

18. Defendant entered an Agreement with the Debtor whereby the Debtor agreed to provide certain goods and/or services to Defendant in exchange for which Defendant agreed to pay a certain sum or sums to the Debtor.

19. Defendant received the agreed-upon goods and/or services in accordance with the Agreement.

20. Despite having been sent invoices requesting payment, Defendant has failed to make full payment of the amount owed to the Debtor.

21. The Debtor and the Bankruptcy Estate have been damaged by Defendant's failure to pay for the rendered goods and/or services in the amount of the Accounts Receivable, which are no less than $10,041.83.

## COUNT II

22. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

23. The Accounts Receivable are an obligation owed to the Debtor, which constitutes property of the Bankruptcy Estate under section 541 of the Bankruptcy Code.

24. The Accounts Receivable have matured and are payable on demand.

25. The Trustee made a demand for payment of the Accounts Receivable to Defendant; however, Defendant has failed or refused to pay.

26. Defendant knew or should have known that the Accounts Receivable were property belonging to the Debtor and now, the Bankruptcy Estate, but failed to turn over such amounts as required by section 542 of the Bankruptcy Code.

27. The Trustee is entitled to recover the full amount of the Accounts Receivable pursuant to section 542(b) of the Bankruptcy Code.

28.     The Court may determine Defendant's liability and require the Defendant to turn over the funds represented by the Accounts Receivable in an amount of not less than $10,041.83.

## RESERVATION OF RIGHTS

29.     The Trustee reserves the right to bring all other claims or causes of action that he might have or could assert against Defendant, on any and all grounds, as allowed under applicable law or in equity.

## PRAYER FOR RELIEF

WHEREFORE, the Trustee, on behalf of the Bankruptcy Estate, respectfully requests and prays that this Court

A.      Enter judgment in his favor and against Defendant awarding $10,041.83, pre-and post-judgment interest, attorney fees and costs, and such other relief as the Court deems just, reasonable and/or proper;

B.      Compel Defendant to turnover to the Trustee for the benefit of the Bankruptcy Estate the Accounts Receivable as well as other amounts included in the Judgment; and

C.      Grant such other and further relief as this Court deems just, reasonable and appropriate.

Dated: November 21, 2022	Respectfully submitted,

/s/ Joshua D. Stiff
Bradford F. Englander, Esq. (VSB No. 36221)
Joshua D. Stiff, Esq. (VSB No. 86105)
Alexandra G. DeSimone (VSB No. 95760)
WHITEFORD TAYLOR & PRESTON, LLP
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
Telephone: (703) 280-9081
Facsimile:  (703) 280-3370
Email: benglander@wtplaw.com
         jstiff@wtplaw.com
         adesimone@wtplaw.com

*Special Counsel for Kevin R. McCarthy, Chapter 7 Trustee*